JOHN A. COTTON *v.* MATTIE J. CASH.

PARTITION.  *Parties.*

    A decree confirming an amicable partition of land is invalid which ignores the rights of a joint owner who was a defendant to the partition proceeding in which the decree was rendered and in no way assented to the allotment agreed to by the other parties.

FROM the chancery court of Noxubee county.

HON. JAMES F. McCOOL, Chancellor.

.The appellee, Mattie J. Cash, was complainant, and John A. Cotton and others, appellants, were defendants in the court below.

Mrs. Hanna W. Cotton died in 1903, seized and possessed ·of certain lands in Noxubee county. Her heirs were John A. Cotton and Mrs. Mattie J. Cash, her children, and W. M. Taylor, George Taylor, and Mrs. Florence Hunter, her grandchildren, and Willie Clearman, a minor, her great-grandchild. A short time before her death she made a deed to a part of the land to appellant, John A. Cotton. After her death, appellee, Mrs. Mattie J. Cash, filed a bill in the chancery court of Noxubee county against the other heirs to have the deed made to John A. Cotton set aside on the ground that it had been obtained by undue influence and fraud, and for a partition, alleging that the Taylor heirs and Willie Clearman owned together a one-ninth interest in the land. Some time after the bill was filed, Mrs. Cash and John A. Cotton entered into an agreement to have an amicable partition made of

the land, and commissioners were agreed on to make the partition. This was done by the commissioners, and a certain part of the land allotted to Mrs. Cash, and the remainder to John A. Cotton; no part of it being allotted to the other heirs of Mrs. Cotton. The commissioners made report to the chancery court at the next term, when Mrs. Cash made a motion to confirm the action of the commissioners; and on this motion the court rendered a decree confirming the report of the commissioners and assessing the costs, which included an attorney's fee to complainant's attorney, against Mrs. Cash and John A. Cotton equally. From that decree John A. Cotton appeals.

*A. T. Dent,* and *J. E. Rives,* for appellant.

*Brame & Brame,* for appellee.

TRULY, J., delivered the opinion of the court.

The bill of complaint filed by appellee avers that the four heirs of Mrs. Matura Taylor, deceased, who are named in the bill, are the owners of an undivided one-ninth interest in the lands sought to be partitioned herein, and this averment is nowhere in the record denied. These heirs, one of whom is a minor, were made defendants to the bill of complaint, and process was prayed for them. It was therefore error in the court below to render a final decree confirming an amicable partition of the land between appellant and appellee which ignored the interests of the Taylor heirs, before they had any opportunity to assert their rights and when they were not represented before the court. In a suit for the partition of lands every person owning an interest therein is a joint owner of every part and parcel thereof, and is entitled to have his rights adjudicated before any portion of the property is allotted to any one of his co-tenants. This one error renders the final decree herein of no effect. Wherefore it is unnecessary to consider the other assignments of error presented.

*Reversed and remanded.*